UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BABATUNDE M. WHITE,<br><br>      Plaintiffs,<br><br>vs.<br><br>GREENWICH INVESTORS XXVI, LLC,<br><br>      Defendant. | Case No:  C 08-2013 SBA<br><br>**ORDER** |

On September 16, 2008, the Court issued an Order to Show Cause ("OSC") why the instant action should not be dismissed without prejudice for failure to comply with the Court's prior order and for failure to prosecute. Dkt. 14.  A case management conference had been scheduled for September 11, 2008.  However, the parties failed to file a joint case management statement, Plaintiff failed to initiate the case management conference call and neither party appeared for the conference.  Based on these actions, the Court issued its OSC ordering the parties to appear on October 16, 2008 at 3:00 p.m. to show cause why the action should not be dismissed and ordering Plaintiff to file a Certificate of Plaintiff ten days prior to the hearing to explain why the case should not be dismissed.  The parties were warned that the failure to comply with the OSC would result in dismissal of the action without prejudice.  Plaintiff did not file the Certificate of Plaintiff and the parties did not appear at the hearing.  To date, neither party has contacted the Court.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

The first three factors cited above weigh in favor of dismissal in light of the fact that Plaintiff has not pursued this matter for nearly three years in any fashion whatsoever.  The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of the Court's prior warning that the failure to comply with its OSC would result in the dismissal of the action.  Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors.  See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).  In light of the foregoing,

IT IS HEREBY ORDERED THAT this action is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of the Court shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  August 12, 2011                     _____
                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WHITE et al,

       Plaintiff,

  v.

GREENWICH INVESTORS XXVI, LLC et al,

       Defendant.
_____/

Case Number: CV08-02013 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Babatunde White
1644 Cipriani Place
Brentwood, CA 94513

Dated: August 12, 2011

                       Richard W. Wieking, Clerk
                       **By: LISA R CLARK, Deputy Clerk**